UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20142-BLOOM

NATHANIEL J. BROWN,

    Plaintiff,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Defendant.
    _____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff has filed multiple *pro se* civil actions or appeals in federal court that have been dismissed and count as "strikes" pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g), he is required to prepay the entire filing fee before this Court may consider the issues presented in this case.

This Court has carefully reviewed the filings and is fully informed. As Plaintiff is a "three-striker" and has not paid the statutory filing fee, the Court orders that Plaintiff's Complaint, ECF No. [1], be dismissed without prejudice and his motion for leave to proceed *in forma pauperis*, ECF No. [3], is denied as moot.

### I.    BACKGROUND

Plaintiff is currently incarcerated at Dade Correctional Institute serving a life sentence. He filed the instant Complaint alleging a civil rights violation pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. [3]. Plaintiff states that he qualifies for emergency release "due to the Covid-19 Pandemic." ECF No. [1] at 2. Plaintiff also

alleges that he "has three (3) medical clinics" and "he is a member of (1) hyper tension, (2) infectous [sic] disease, and (3) cancer 'bone marrow.'" *Id.* Plaintiff references a related case of his, No. 20-cv-22147-RNS, "which was dismissed on 9/23/20 for not exhausting administrative remedies." *Id.*; *see Brown v. Colon*, No. 20-cv-22147-RNS, ECF No. [37] (order dismissing case for failure to exhaust administrative remedies). Plaintiff states that "at this time there are no administrative remedies available," and provides that a motion to reopen his prior case was denied. ECF No. [1] at 2; *Brown v. Colon*, No. 20-cv-22147-RNS, ECF No. [45] (paperless order denying motion to reopen the case because plaintiff has not shown "extraordinary circumstances").

## II.   STANDARD OF REVIEW

Plaintiff is a "three-strikes" litigant under 28 U.S.C. § 1915(g), which states as follows:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (citation omitted); *see also Howard v. Kraus*, 642 F. App'x 940, 941 (11th Cir. 2016). The proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three-strikes provision, is to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *See id.*

### III.    DISCUSSION

A review of Plaintiff's filing history reveals that he has brought at least four civil actions while incarcerated, and each was dismissed and count as strikes pursuant to 28 U.S.C. § 1915(g). The Court takes judicial notice of the following four "strikes" pursuant to Federal Rule Evidence 201. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that documents filed in another court may be judicially noticed).

1. *Brown v. Reception Medical Center*, No. 07-cv-00717-HLA-TEM (M.D. Fla. Aug. 17, 2007), ECF No. [5] (order dismissing case as frivolous);

2. *Brown v. Hall*, No. 07-cv-00750-HES-MCR (M.D. Fla. Aug. 28, 2007), ECF No. [5] (order dismissing case as abuse of judicial process);

3. *Brown v. Hall*, No. 07-cv-00894-TJC-JRK (M.D. Fla. Feb. 7, 2008), ECF No. [8] (order dismissing case as frivolous);

4. *Brown v. Colon*, No. 20-cv-22147-RNS (S.D. Fla. Sept. 22, 2020), ECF No. [37] (order dismissing case for failure to exhaust administrative remedies).

Because Plaintiff has filed at least three previously dismissed cases that qualify as strikes, he may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception of § 1915(g). To plead the imminent danger exception, the Court of Appeals for the Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004).

Plaintiff states that he is a "member of three (3) medical clinics" and lists them as hypertension, infectious disease, and bone marrow cancer. ECF No. [1] at 2. Yet, it is unclear from the Complaint whether Plaintiff is alleging that he suffers from those three conditions. Notably,

Case No. 21-cv-20142-BLOOM

however, Plaintiff has not alleged that he is in imminent danger of serious physical harm, nor does he allege any facts supporting such a representation. Plaintiff has not made specific allegations of present immediate danger and he is therefore is not entitled to the exception to § 1915(g).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** and his motion for leave to proceed *in forma pauperis*, **ECF No. [3]**, is **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** the above-styled case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 20, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Nathaniel J. Brown, *Pro Se*
#109140
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034